IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DANIEL MACKEY,

    Plaintiff,

v.               CIVIL ACTION NO. 2:24-cv-00012

LT. TIMOTHY TIBBS, et al.,

    Defendants.

ORDER

  Pending before the court is Defendant Steve Caudill's Motion to Dismiss, [ECF No. 6]. Plaintiff Daniel Mackey responded in opposition, [ECF No. 10], and Defendant Caudill replied, [ECF No. 11]. For the following reasons, Defendant Caudill's Motion, [ECF No. 6], is **GRANTED**.

 **I.** **Background**

  This case arises out of allegations of the use of excessive force while Plaintiff was incarcerated at North Central Regional Jail ("NCRJ"). [ECF No. 1, ¶ 1]. On or about March 31, 2022, Plaintiff was housed in the A-1 pod at NCRJ and was on a video call when Defendant Lt. Timothy Tibbs and another correctional officer entered the pod. *Id.* ¶ 7. Defendant Tibbs was speaking with inmates, including Plaintiff, about an incident that occurred with another inmate when Defendant Corporal Michael Costello—also a correctional officer at NCRJ—entered the pod yelling. *Id.*

According to Plaintiff, Defendant Tibbs then pepper-sprayed Plaintiff without justification or warning. *Id.* After being sprayed, Plaintiff walked towards his cell— per Defendants Tibbs and Costello's orders—when Tibbs and Costello began chasing him. *Id.* Plaintiff alleges he then dropped to the ground, and without justification, Defendant Costello repeatedly struck Plaintiff in the arms, legs, and back with a baton, while Defendant Tibbs punched Plaintiff in his ribs. *Id.* Plaintiff claims to have been compliant during the entire ordeal. *Id.* Once Defendants Costello and Tibbs ceased their alleged assault on Plaintiff, Plaintiff states that Defendant Tibbs returned to the A-1 pod and warned the other inmates that they would receive the same treatment if they told Plaintiff's family about what had occurred. *Id.* ¶ 9. Finally, he alleges that Defendants conspired with one another to file false incident reports related to the incident. *Id.* ¶ 34.

Plaintiff initiated this action against Defendants Tibbs, and Costello, as well as Defendant Steve Caudill, who is the Director of Security Services at the West Virginia Division of Corrections and Rehabilitation. In his Complaint, Plaintiff alleges four causes of action: (1) "outrageous conduct" against Defendants Tibbs and Costello; (2) excessive force in violation of the Eighth Amendment of the United States Constitution, brought under 42 U.S.C. § 1983 against Defendants Tibbs and Costello; (3) deliberate indifference/supervisory liability against Defendant Caudill; and (4) conspiracy to commit fraud against "Individual Defendants." *Id.* at 4–8. Defendant Caudill has filed a motion to dismiss the Complaint against him, pursuant

2

to Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, [ECF No. 6, at 1]. The matter is now ripe for review.

## II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D. W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 268 (1986)).

### III. Discussion

#### A. Count III – Deliberate Indifference/Supervisor Liability

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "After incarceration, only the 'unnecessary and wanton infliction of pain,' . . . constitutes cruel and unusual punishment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (cleaned up) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The prohibition of cruel and unusual punishment gives inmates a "right to be free from malicious or penologically unjustified infliction of pain and suffering." *Thompson v. Virginia*, 878 F.3d 89, 102 (4th Cir. 2017) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Pepper-spraying an inmate who is compliant and poses no physical threat without warning or justification violates this standard. *See Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021).

Plaintiff alleges that he was pepper-sprayed and then beaten with a baton and fists without justification or provocation, in violation of 42 U.S.C. § 1983. [ECF No. 1, ¶ 7]. Defendant Caudill is not alleged to have been an active participant in these events but rather is being sued for failing to prevent these alleged acts from occurring in the first place.

It is well-established that multiple actors can be the cause of a single constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Although § 1983 liability may not be premised on a theory of *respondeat superior*, supervisory officials who are on notice that their subordinates are acting unlawfully may be held liable if they fail to intervene and prevent constitutional injuries, *id.*, or if their "supervisory indifference or tacit authorization of subordinates' misconduct [is] a causative factor in [those injuries]," *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

> To succeed in a supervisory liability case, a plaintiff must demonstrate:
>
> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices[]; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799 (internal quotation marks omitted). To establish the first element, the plaintiff must show that "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and

5

unreasonable risk of constitutional injury to the plaintiff." *Id.* "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Id.* (quoting *Slakan*, 737 F.2d at 373); *see also Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).

Plaintiff's claim for deliberate indifference is entirely conclusory in nature and comprised entirely of legal conclusions which the court need not accept as true. *See Twombly*, 550 U.S. at 555 (explaining how courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In fact, Plaintiff only makes one factual allegation against Defendant Caudill—that he has received over 100 reports in a one-year period regarding uses of force by Defendants Tibbs and Costello. He does not, however, allege that those incidents took place prior to the March 31, 2022, pepper-spraying incident. He also does not allege that these "uses of force" events were instances of unwarned and unjustified uses of pepper spray, which would indicate that there was a widespread practice of the *particular* constitutional violation of unjustified pepper-spraying at NCRJ prior to the events in this case.

Plaintiff instead merely alleges that Defendant Caudill knew that Defendants Tibbs and Costello tended to engage in generalized unlawful conduct. It is not an undue burden to require that a pleader meet the minimal standards of stating the wrong in a fashion which is recognized as sufficient under *Twombly* and *Iqbal* and the Federal Rules of Civil Procedure. Plaintiff has not established a "widespread

practice of the particular unconstitutional conduct" which he claims he experienced. *See Shields v. Tibbs*, No. 2:23-cv-00491, 2024 WL 1804388, at *3 (S.D. W. Va. Apr. 25, 2024). As such, his claim for supervisory liability must be dismissed.

### B. Count IV – Conspiracy to Commit Fraud

Finally, Defendant Caudill moves for dismissal of Count IV—conspiracy to commit fraud—as it relates to him. [ECF No. 6]. He alleges that, "to the extent [this claim] is intended to apply to Defendant Caudill, such claim should be dismissed as Plaintiff has failed to make a sufficient showing to withstand the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." [ECF No. 7, at 11].

In response, Plaintiff clarifies that he is not asserting a claim against Defendant Caudill as it relates to Count IV. [ECF No. 10, at 1]. This, however, is not obvious in reading the Complaint. Instead of alleging that only Defendants Tibbs and Costello engaged in this conspiratorial conduct, Plaintiff asserts that "[t]he *individual* Defendants *herein* conspired with one another to file false incident reports." [ECF No. 1, ¶ 34 (emphasis added)]. Absent Plaintiff's statement to the contrary in his response brief, this Count would presumptively apply to *all* defendants, including Defendant Caudill. Although Plaintiff seeks to clarify this in his response brief, parties may not amend their complaints or cure deficiencies therein through briefing. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Regardless, Plaintiff fails to state a claim against Defendant Caudill upon which relief can be granted in Count IV. The Federal Rules of Civil Procedure provide

7

that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As it relates to Defendant Caudill, Plaintiff has not done so here. As such, Count IV must also be dismissed against Defendant Caudill for failure to state a claim upon which relief may be granted.

### IV. Venue

Finally, the court has concerns about whether the Southern District of West Virginia is the most appropriate venue for this case. As a general matter, cases arising under federal law "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred;" or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction if there is no other district. 28 U.S.C. § 1391(b)(1).

The federal venue statute allows a district court to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). This statute gives courts authority to transfer an action *sua sponte* upon consideration of certain factors, such as convenience of parties and witnesses, as well as whether transfer would be in the interest of justice. *See* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure §§ 3844, 3847–48 (4th ed. 2023). It is proper, however, to first provide the parties with notice and an opportunity to be heard and present

their views about the transfer. *See, e.g.*, *Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011); *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006); *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974) ("[B]efore ordering transfer the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons for believing that this forum is most convenient or that the proposed alternative forum is inconvenient or not within the ambit of § 1404(a).").

Here, all of the alleged activities that form the basis of the Complaint occurred at North Central Regional Jail, which is located in the Northern District of West Virginia. Furthermore, Plaintiff makes no statement as to why he believes the Southern District of West Virginia is the proper venue. Nor has he alleged where each Defendant resides, except for Defendant Caudill, who has now been dismissed from this action. In light of the foregoing, I **ORDER** the parties to brief me on the issue of whether this district or the Northern District of West Virginia is the most appropriate venue in which to litigate this case. Parties shall have fourteen (14) days from the entry of this order to respond if such party would oppose a *sua sponte* transfer of venue.

### V.    Conclusion

For the foregoing reasons, Defendant Caudill's Motion to Dismiss, [ECF No. 6], is **GRANTED**. Defendant Caudill is hereby **DISMISSED** from this action. Counts I, II, and IV, remain pending against Defendants Tibbs and Costello. I **ORDER** the parties to submit briefs within fourteen (14) days of the entry of this order as to

9

whether this district or the Northern District of West Virginia is the most appropriate venue in which to litigate this case if the party opposes a *sua sponte* transfer of venue. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   June 4, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE